UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KRISTIN HILDEBRAND, *an individual*, | Case No. 3:23-cv-01506-AR |
| Plaintiff, | **ORDER FOR SUPPLEMENTAL BRIEFING** |
| v. | |
| LULULEMON USA INC., *a foreign corporation*, | |
| Defendant. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff Kristin Hildebrand brings this diversity action against defendant lululemon, inc., asserting one common-law equitable claim for unpaid wages (Claim 3) and three statutory claims for unpaid wages and associated penalties (Claims 1, 2, and 4). Hildebrand alleges that lululemon did not compensate her for its unauthorized use of the marketing strategy she created during the application process for an executive position at the company, for which she was not hired. (Compl. ¶¶ 10-12, ECF No. 2-1.) lululemon moves to dismiss the action for failure to state

Page 1 – ORDER FOR SUPPLEMENTAL BRIEFING

a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Hildebrand's employment-based claims are not viable because she was never an employee, and that the remaining common-law claim is not supported by any cognizable legal theory. (Def.'s Mot. at 7, ECF No. 4.)

In Claim 3, Hildebrand asserts an "equitable claim for unpaid wages" that essentially amounts to an unjust enrichment claim. (Compl. ¶ 51-69.) Hildebrand alleges that after lululemon declined to hire her for the position, it used her marketing strategy—which it asked her to create during the application process—without compensating her, and that the company was wrongfully benefited by that use. (*Id.* ¶¶ 12, 14, 21, 55-60); (Pl.'s Resp. at 23, ECF No. 8.) lululemon responds that Hildebrand has not "rendered any compensable services to [it]," and even if she had, no legal authority recognizes an employee's right to recover the value of unpaid services outside of contractual wages. (Def.'s Mot. at 7.)

Both lululemon and Hildebrand cite the elements listed in *Jacqua v. Nike*, *Inc*., 125 Or. App. 294, 298 (1993), as the standard for an unjust enrichment claim. (Def.'s Mot. at 5); (Pl.'s Resp. at 23.). The Oregon Supreme Court, however, rejected that standard in *Larisa's Home Care, LLC v. Nichols-Shields*, holding that instead, "courts should examine the established legal categories of unjust enrichment as reflected in Oregon case law and other authorities to determine whether any particular enrichment is unjust." 362 Or. 115, 132 (2017). Following the *Larisa's Home Care* framework, courts match the pleaded facts to any "patterns already recognized in [Oregon] case law," and look to other authorities to determine whether the "case type matches already recognized forms of unjust enrichment." *Larisa*, 362 Or. at 127-8. The court in *Larisa's Home Care* looked to appellate decisions from other states and the RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT as authorities in making this

Page 2 – ORDER FOR SUPPLEMENTAL BRIEFING

determination. *Id*. at 128, 134; *see also LRY, LLC v. Lake County*, No. 1:17-cv-00675-MC, 2018 WL 5300387 at *5 (D. Or. Oct. 25, 2018) ("The law of unjust enrichment is undergoing a period of rapid expansion in Oregon.").

At bottom, lululemon's motion to dismiss Claim 3 relies on law that is no longer valid. Consequently, it fails to grapple with Hildebrand's pleading under the *Larisa's Home Care* framework. And reviewing Hildebrand's complaint and response to lululemon's motion, the court is unable to discern the basis of her unjust enrichment claim. In other words, in assessing the validity of her unjust enrichment claim, the court cannot determine if Hildebrand is relying on recognized Oregon case law, appellate decisions from other states, or a section articulated in the THIRD RESTATEMENT.

Given these deficiencies, the court requires supplemental briefing concerning Claim 3 only. Therefore, Hildebrand must file a supplemental response, not to exceed 10 pages, articulating the basis for her unjust enrichment claim under Oregon case law, decisions from other states, or THIRD RESTATEMENT. Lululemon must file a supplemental reply, not to exceed 10 pages, discussing whether Hildebrand's articulated theory sufficiently states a claim for unjust enrichment under the *Larisa's Home Care* framework. Hildebrand's supplemental response is due December 6, 2024, and lululemon's supplemental reply is due December 20, 2024.

DATED: November 20, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 3 – ORDER FOR SUPPLEMENTAL BRIEFING